IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL JAMES McQUOWN,

                         Petitioner,

    v.

RICHARD B. IVES, Warden,

                         Respondent.

_____

Case No. 3:16-cv-01927-KI

OPINION AND ORDER

**KING, Judge.**

Petitioner, an inmate at the Federal Prison Camp in Sheridan, Oregon, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prison's (BOP) decision that he is ineligible for the early release benefit of the Residential Drug Abuse Treatment Program (RDAP) because he received a two-level sentencing enhancement for possession of a firearm. For the reasons set forth below, Petitioner's habeas petition is denied.

## BACKGROUND

On June 12, 2014, Petitioner pled guilty to one count of Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. *United States v. McQuown*, No. 3:13-cr-00186-MO-2, Plea Pet. (ECF No. 137), Plea Agreement (ECF No.

1 - OPINION AND ORDER

138), J. & Commitment (ECF No. 178). Petitioner's Plea Agreement provides that the prosecution would recommend a two-level upward adjustment for possession of a firearm pursuant to U.S. Sentencing Guideline § 2D1.1(b)(1). *Id.*, Plea Agreement at 2. In Petitioner's Sentencing Memorandum, he concedes that it would be "disingenuous" to argue against a two-level upward adjustment for possession of a firearm because "[e]xisting evidence clearly proves that in January and February 2013, [he] had a marijuana grow and an assault rifle in his house at the same time." *Id.*, Sentencing Mem. (ECF No. 174) at 3; *see also* Presentence Investigation Rep. (ECF No. 169) at 6-7.

On October 10, 2014, the Honorable Michael W. Mosman sentenced Petitioner to a 36-month term of incarceration and three-years post-prison supervision. *Id.*, J. & Commitment. Petitioner's sentence includes a two-level enhancement pursuant to U.S. Sentencing Guideline § 2D1.1(b)(1) for possession of a firearm. *Id.*, Presentence Investigation Rep. at 7; Statement of Reasons (ECF No. 179) at 1-2. Petitioner's projected release date is September 27, 2017. Vickers' Decl. (ECF No. 10) at 2.

On September 11, 2015, Petitioner was interviewed for participation in RDAP, an intensive drug treatment program for federal inmates. *See* 28 C.F.R. §§ 550.53 & 550.55(a). On or about October 1, 2015, Petitioner's unit team determined that Petitioner was ineligible for the RDAP early release incentive under 18 U.S.C. § 3621(e)(2)(B), because his conviction (1) involved the carrying, possession, or use of a firearm; (2) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; (3) is for a conspiracy to commit an underlying offense which precludes eligibility; and (4) resulted in a two-level sentencing enhancement for possession of a firearm. Vickers' Decl., Ex. 2 at 11-12.

Petitioner sought reconsideration which was denied by the warden. *Id.* at 1-8. Petitioner subsequently sought administrative review. *Id.* at 9. Regional Director Mary Mitchell upheld the warden's decision as follows:

> You assert that you are being unfairly precluded from receiving an 18 U.S.C. § 3621(e) early release upon completion of the Residential Drug Abuse Program (RDAP) due to a weapon enhancement. You further assert that precluding you from early release based upon this weapon enhancement violates the Administrative Procedures Act and you argue that this weapon enhancement has been improperly applied because the firearm in question was not present at your residence at the time of your arrest. As relief, you request reconsideration of the determination that you are ineligible for an 18 U.S.C. § 3621(e) early release.

> Your request has been investigated. You were interviewed for the RDAP and placed on the RDAP waiting list on September 11, 2015. A review of your 18 U.S.C. § 3621(e) release eligibility was completed on October 1, 2015, by the legal staff at the Designations and Sentence Computation Center (DSCC). You were found ineligible for 18 U.S.C. § 3621(e) release consideration due to "inmates current offense conviction: (2) involved the carrying, possession, and or use of a firearm or other dangerous weapon . . . (28 C.F.R. § 550.55(b)(5)(ii)); (3) by its very nature of conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii)); and (6) is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense (28 C.F.R. § 550.55(b)(6)." The DSCC legal staff further clarified "inmate's current offense conviction for Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846 precludes early release eligibility. Inmate is precluded pursuant to the above cited regulations, as well as sections 4.b and 4.d. of P.S. 5162.05 as he received and the Court adopted the SOC enhancement for weapon possession."

> . . . A review of your case supports the accuracy of their determination. Based on this finding, your request for Administrative Remedy Appeal is denied.

*Id.* at 10.

In the instant proceeding, Petitioner challenges the Regional Director's decision on the basis that (1) the BOP's interpretation of 18 U.S.C. § 3621(e) is unreasonable; (2) the BOP's promulgation of 28 C.F.R. § 550.55(b)(5), to preclude early release for nonviolent offenders who received a sentencing enhancement, is arbitrary, capricious, and an abuse of discretion; and (3) Program

3 - OPINION AND ORDER

Statement 5162.05 "is an unreasonable and incomplete interpretation of the U.S. Sentencing Guidelines it purports to rely on." Habeas Pet. (ECF No. 1) at 3-4; Pet'r's Reply at 2, 6, 12.

Respondent moves the Court to deny relief on the basis that (1) Petitioner fails to allege a cognizable habeas claim because his success would not necessarily result in his immediate or speedier release from confinement; (2) this Court lacks jurisdiction to review an individualized determination that an inmate is ineligible for early release; and (3) this Court has previously rejected Petitioner's claim that the BOP cannot premise RDAP ineligibility on a sentencing enhancement. Resp't Resp. at 2-3, 6-7.

## DISCUSSION

"In 1990, Congress directed the BOP to create programs to treat substance abuse among inmates." *Peck v. Thomas*, 697 F.3d 767, 770 (9th Cir. 2012); *see* 18 U.S.C. § 3621(b) (directing BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."). In response to this directive, the BOP created RDAP. To encourage participation in substance abuse programs, Congress enacted an incentive providing that the period a prisoner *convicted of a nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by up to one year. 18 U.S.C. § 3621(e)(2)(B).

"Determining which prisoners are eligible to participate in RDAP is within the discretion of the BOP . . . as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program." *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (citing 18 U.S.C. § 3621(e)(2)(B) & (e)(5)(B)). The BOP promulgated 28 C.F.R. § 550.55(b)(5)(ii) and (iii) providing that inmates are not eligible for early release if their current felony conviction is for:

(ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

(iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .

The regulation also precludes from the early release benefit "[i]Inmates who have been convicted of an attempt, conspiracy, or solicitation to commit an underlying offense listed in paragraph . . . (b)(5) of this section ." 28 C.F.R. § 550.55(b)(6).

The BOP adopted Program Statement (P.S.) 5162.05 to assist in the implementation of RDAP. The program statement reiterates that the BOP exercised its discretion to preclude an inmate convicted of certain nonviolent offenses from receiving the early release benefit if the felony offense (1) involved the carrying, possession, or use of a firearm; or (2) by its nature or conduct presents a serious potential risk of physical force against the person or property of another. Additionally, and of particular importance here, the program statement provides that inmates convicted of a drug offense under 21 U.S.C. §§ 841 or 846, who received a two-level sentencing enhancement for possession of a firearm, are ineligible for early release. P.S. 5162.05(4)(b) & (d). This reflects the BOP Director's discretionary judgment that possession of a dangerous weapon during the commission of a drug offense poses a serious potential risk that force may be used against persons or property. P.S. 5162.05(4)(b).

I.    **Habeas Relief**

Petitioner alleges that he is making a categorical challenge under § 2241 to the BOP's interpretation of § 3621(e), §§ 550.55(b)(5)(ii) & (iii) and (b)(6), and P.S. 5162.05 to exclude from early release inmates who were convicted of violating 21 U.S.C. § 846 and received a sentencing

enhancement for weapons possession under U.S.S.G. § 2D1.1(b)(1). Pet'r's Reply at 2-3. Petitioner contends that the BOP's application of 28 C.F.R. § 550.55(b)(5)(ii) & (iii) to deny early release eligibility on the basis of a sentencing enhancement is unreasonable because it treats a sentencing factor as a conviction without *proof* that the offender actually possessed a firearm. Pet'r's Habeas Pet., Attach. 2 at 3-4.

Petitioner clarifies that he is "not seeking review of the BOP's individual RDAP determination made pursuant to 18 U.S.C. § 3621." *Id.* at 3 (internal quotations omitted). Indeed, it is well settled that the BOP has broad, unreviewable discretion over individualized determinations regarding RDAP eligibility. *Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 514 (9th Cir. 2014); *see Reeb*, 636 F.3d at 1227 (court lacks jurisdiction under the APA and § 2241 to review individualized RDAP determinations); 18 U.S.C. § 3625 (Section 706 of the APA does not apply to RDAP eligibility determination).

In contrast, this Court has habeas jurisdiction to review a "categorical challenge" to BOP action that is contrary to federal law, violates the U.S. Constitution, or exceeds its statutory authority. *Abbott*, 771 F.3d at 514; *Close v. Thomas*, 653 F.3d 970, 973-74 (9th Cir. 2011); *see also Lopez v. Davis*, 531 U.S. 230, 236 (2001) (exercising habeas jurisdiction over challenge to categorical exclusion of inmates from RDAP). Accordingly, this Court has habeas jurisdiction over Petitioner's categorical challenge of the BOP's discretionary decision to deny early release eligibility to inmates who were convicted of violating 21 U.S.C. § 846 (conspiracy to distribute marijuana) and received a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) .

Pursuant to § 3621(e)(2), the BOP must restrict early release eligibility to nonviolent offenders. The statute does not preclude the BOP from imposing *further* restrictions on early release

eligibility and disqualifying some nonviolent offenders. Moreover, it is well settled that the BOP has the authority to exclude categories of nonviolent offenders from early release eligibility based on preconviction conduct. *See Lopez,* 531 U.S. at 240, 243; *Peck*, 697 F.3d at 770-71. Accordingly, this Court rejects Petitioner's argument that the BOP exceeded its statutory authority by excluding offenders who were convicted of violating § 846 and received a two-level sentencing enhancement for possession of a firearm. *See Ryan v. Thomas*, No. 3:11-cv-00448-MO, 2012 WL 1890376, at *2 (D. Or. May 22, 2012) (upholding BOP's exclusion of offenders from early release eligibility who were convicted of distributing marijuana and received a two-level sentencing enhancement for possession of a firearm); *see also Lopez*, 531 U.S. at 244 ("The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.").

In sum, the BOP's categorical exclusion of inmates convicted of a drug offense under 21 U.S.C. §§ 841 and 846, who received a two-level sentencing enhancement for possession of a firearm, is a reasonable construction of 18 U.S.C. § 3621(e) and does not exceed the BOP's statutory authority. Moreover, habeas relief is not warranted to the extent that Petitioner is challenging the BOP's application of its own program statement. *Reeb*, 636 F.3d at 1227 (noncompliance with a BOP program statement is not a violation of federal law).[1]

---

[1] Because Petitioner is not entitled to habeas relief, this Court declines Respondent's suggestion to extend the Ninth Circuit's holding in *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (defining proper scope of habeas relief under 28 U.S.C. § 2254) to federal prisoners. *See Nettles*, 830 F.3d at 931 (declining to address how its holding applies to federal prisoners); *see also Jiau v. Poole*, 590 F. App'x 689, 690-91 (9th Cir. 2015) (reversing dismissal of *Bivens*
(continued...)

## II.    **Administrative Procedure Act**

Petitioner contends that "[t]he BOP's promulgation of 28 C.F.R. § 550.55(b)(5), as it is applied to the facts of [his] case, violates the Administrative Procedures Act, 5 U.S.C. § 706." Habeas Pet. at 3. Petitioner reasons that the BOP's categorical exclusion of inmates who were convicted of a nonviolent offense but received a two-level enhancement for possession of a firearm is arbitrary and capricious because it labels inmates "likely to commit violent crimes" without proof that they actually possessed a firearm. Habeas Pet., Attach. 2 at 5-6; Pet'r's Reply at 7-8. Petitioner argues that it is particularly arbitrary with respect to a conviction for conspiracy to distribute marijuana because "[t]o say that someone is likely to commit violent crimes because he knew a co-conspirator possessed a weapon is not just arbitrary and capricious, it is plain ridiculous." Pet'r's Reply at 9.

In *Peck v. Thomas*, 697 F.3d 767 (9th Cir. 2012), the Ninth Circuit addressed whether the BOP's promulgation of § 55.550(b)(5)(ii) & (iii) and (6) is arbitrary and capricious. The Ninth Circuit held that the BOP's public safety rationale underlying the regulation is reasonable:

> The Bureau Did Not Violate the APA in Enacting 28 C.F.R. § 550.55(b)(5)(ii). When enacting the 2009 regulation, the Bureau stated:
>
>> The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.

---

[1](...continued)
action challenging inmate's expulsion from RDAP).

> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms.

> . . . . .

> . . . The Bureau clearly stated that, "in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public." 74 Fed. Reg. at 1895. The Bureau further explained that it was exercising its discretion because "[t]here is a significant potential for violence from criminals who carry, possess or use firearms" and that "in committing such offenses, these inmates displayed a readiness to endanger another's life." *Id.* Although the Bureau could have proffered a fuller explanation, the APA does not demand more.

> . . . . .

> Furthermore, the administrative record reflects the fact that the Bureau has had some difficulty in accommodating all of the inmates who wish to participate in RDAP[.]

> . . . . .

> It would be unreasonable to criticize the Bureau for failing to maximize inmate participation when the Bureau is already struggling with its limited resources to accommodate all of the inmates who currently do wish to participate. It is clear to us that the agency is entitled to take a categorical approach to solving this problem.

*Peck*, 697 F.3d at 773, 776 (citations omitted). Accordingly, Petitioner's assertion that the

promulgation of 28 C.F.R. §§ 550.55(b)(5)(ii) & (iii) and 550.55(b)(6) violates § 706 of the APA,

because the BOP failed to provide a reasonable rationale for the regulation and is contrary to

congressional intent, the argument lacks merit. *See Id.*; *Ryan*, 2012 WL 1890376, at *4; *Lillie v.*

*Thomas*, No. 3:11-cv-01309-MO, 2012 WL 2411906, at *4 (D. Or. June 22, 2012); *see also Sacora*

*v. Thomas*, 628 F.3d 1059, 1068 (9th Cir. 2010) (under arbitrary and capricious standard, agency action presumed valid if a reasonable basis exists for its decision).

This Court also rejects Petitioner's contention that § 550.55(b)(5)(ii) & (iii) violates 5 U.S.C. § 553(b)(2), because the BOP failed to "reference" the legal authority under which the rule was proposed. Pet'r's Reply at 12-13. Section 553(b)(2) of the APA provides that "[g]eneral notice of proposed rule making shall be published in the Federal Register" and shall include "reference to the legal authority under which the rule is proposed." In 2004, when the BOP proposed the current version of 28 C.F.R. § 550.55, the BOP set forth its legal authority in the Federal Register as follows:

> 5 U.S.C. 301; 18 U.S.C. 3521-3528, 3621, 3622, 3624, 4001, 4042, 4046, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987), 5006-5024 (Repealed October 12, 1984 as to offenses committed after that date), 5039; 21 U.S.C. 848; 28 U.S.C. 509, 510; Title V, Pub. L. 91-452, 84 Stat. 933 (18 U.S.C. Chapter 223).

69 Fed. Reg. 39887-02 (July 1, 2004); *see also* 74 Fed. Reg. 1892-01 (Jan. 14, 2009) (adopting final version of rule).

Finally, to the extent that Petitioner is making an APA challenge to Program Statement 5162.05(4)(b) and (d), setting forth the BOP Director's *discretionary* decision to exclude prisoners convicted of violating § 846 who received a two-level sentencing enhancement from early release (Pet'r's Reply at 14-16), Petitioner's claim fails because BOP's program statements are not "'subject to the rigors of the Administrative Procedure Act.'" *Reeb*, 636 F.3d at 1227 (quoting *Jacks v. Crabtree*, 114 F.3d 983, 985 n. 1 (9th Cir. 1997)). So long as program statement provisions are not inconsistent with the associated regulations, they are valid interpretive rules not subject to the procedural requirements of the APA. *Gunderson v. Hood,* 268 F.3d 1149, 1154 (9th Cir. 2001); *Lillie*, 2012 WL 2411906, at *4. The exclusion of drug offenders who received a two-level

sentencing enhancement for possession of a firearm, on the basis that possession of a weapon during

the commission of a drug offense poses a serious potential risk that force may be used against person

or property, is "not inconsistent" with the 28 C.F.R. § 550.55(b)(5). For all of these reasons,

Petitioner has failed to demonstrate a violation of the APA.

## **CONCLUSION**

Based on the foregoing, Petitioner's Habeas Corpus Petition (ECF No. 1) is DENIED, and

this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ___24th___ day of January, 2017.


    /s/ Garr M. King
GARR M. KING
United States District Judge